# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CHADWICK W. SMITH,

Plaintiff,

v.

FCA US, LLC,

Defendant.

Case No. 1:25-cv-0036-KES-EGC

**ORDER TO PLAINTIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS; OSC HEARING SET FOR OCTOBER 29, 2026**

(Doc. 28)

## I. BACKGROUND

On August 28, 2026, the Court issued an Order Setting Settlement Conference and Parameters. (Doc. 26). In that order, the Court ordered Plaintiff to "submit a written itemization of damages and a settlement demand to Defendant's counsel," which was to be done by September 8, 2026. (Doc. 26 at 1). The Court further ordered the parties to submit pre-settlement statements by October 8, 2026. (*Id.* at 2). Only the lead trial counsel for the parties were ordered to appear at the pre-settlement conference discussion. (*Id.* at 4).

On October 9, 2026, after failing to receive Plaintiff's statement, the Court issued an order providing Plaintiff with the opportunity to submit his statement by the end of the day and was warned that a failure to timely comply may result in the issuance of sanctions. (Doc. 28). Plaintiff did not submit his statement until 9:06 a.m. on the day of the pre-settlement discussion, which was set for October 14, 2026.

On October 14, 2026, nearly ten minutes after the pre-settlement discussion was supposed to begin with Plaintiff's lead counsel, Jonathan Medina appeared for Plaintiff. Mr. Medina was not listed as attorney of record, was not designated lead trial counsel, was not disclosed as the attorney who would appear in Plaintiff's confidential statement and he did not have any knowledge about the case. Mr. Medina advised the court he was told "60 seconds ago" to make the appearance. No explanation was provided for his colleague's failure to appear, nor was any justification offered for the late settlement statement. Further, it appears that Plaintiff failed to comply with the Court's order by not providing Defendant a written pre-settlement demand by the required September 8, 2026 deadline. (Doc. 26 at 1).

## II. DISCUSSION

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to "secure the just, speedy, and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b).

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). A court may impose sanctions, including terminating sanctions, for a party's failure to obey a court order or failure to comply with local rules. *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (imposing terminating sanctions for failure to comply with an order); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (imposing terminating sanctions for failure to comply with a court order). Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all

sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110.

## III. CONCLUSION AND ORDER

Considering the numerous failures of Plaintiff's counsel to comply with this Court's directives, specifically:

1. Lead trial counsel's failure to appear at the pre-settlement discussion on October 14, 2026 at 10:00a.m.;
2. The failure to offer any explanation for the untimely submission of the settlement statement, which was due on October 8, 2026;
3. The failure to exchange a pre-settlement demand, which was due on September 8, 2026; and
4. Plaintiff's counsel's late appearance at the scheduled proceedings on October 14, 2026;

**The Court HEREBY ORDERS counsel for Plaintiff to show cause in writing no later than October 26, 2026**, why sanctions should not be imposed for the numerous failures to obey this Court's orders as outlined herein.

A hearing on the order to show cause is set for October 29, 2026 at 10:00 a.m. in Department 7 before Magistrate Judge Erin Guy Castillo.

The settlement conference scheduled for October 29, 2026 at 10:00a.m. will remain as set. Lead trial counsel shall appear with their respective party in person. Requests for remote appearances will not be considered. Failure to comply with this order to show cause will result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **October 14, 2026**

Erin Guy Castillo
UNITED STATES MAGISTRATE JUDGE