# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHADWICK W. SMITH,<br><br>Plaintiff,<br><br>v.<br><br>FCA US, LLC,<br><br>Defendant. | Case No. 1:25-cv-0036-KES-EGC<br><br>**ORDER TO PLAINTIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS; SECOND OSC HEARING SET FOR NOVEMBER 10, 2026**<br><br>(Doc. 35) |

On October 14, 2026, the Court set a hearing for Plaintiff's attorney to show cause why sanctions should not be imposed for non-compliance with multiple court orders. (Doc. 33). Plaintiff's attorney, Larry Chae, filed a responsive declaration on October 26, 2026, affirming his attendance at the October 29, 2026, Order to Show Cause ("OSC") hearing and settlement conference.

On October 29, 2026 at 10:15 a.m., the Court called the case, and Mr. Chae had not appeared and neither he nor anyone from his law firm contacted the Court to advise why he was not present. Consequently, the Court vacated the settlement conference and directed Defendant's counsel to file an itemized declaration of expenses by November 3, 2026 due to the time they incurred to appear at the settlement conference. The Court also continued the initial OSC to be heard alongside a new OSC issued herein.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: “Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court.” Local Rule 110. “District courts have inherent power to control their dockets,” and in exercising that power, a court may impose sanctions. *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court impose sanctions, including terminating sanctions, for a party’s failure to obey a court order or failure to comply with local rules. *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (imposing terminating sanctions for failure to comply with an order); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (imposing terminating sanctions for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (sanctions for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff’s attorney Larry Chae is ORDERED to show cause by November 3, 2026 why monetary sanctions should not be imposed for failure to follow the Court’s order and appear in court on October 29, 2026. A consolidated hearing on both Orders to Show Cause is set **for November 10, 2026 at 10:00 a.m. in Department 7** before Magistrate Judge Erin Guy Castillo. Mr. Chae is ordered to appear in person. Remote appearance is allowed for counsel for Defendant FCA US, LLC. Failure to comply with this order to show cause will result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **October 29, 2026**

Erin Guy Castillo

UNITED STATES MAGISTRATE JUDGE