# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CHADWICK W. SMITH,

Plaintiff,

v.

FCA US, LLC,

Defendant.

Case No. 1:25-cv-0036-KES-EGC

**ORDER DISCHARGING FIRST ORDER TO SHOW CAUSE AND IMPOSING TOTAL SANCTIONS OF $2,056.16 UPON PLAINTIFF'S COUNSEL ON SECOND ORDER TO SHOW CAUSE**

(Docs. 33, 36)

## I. INTRODUCTION

The matter before the Court concerns the imposition of sanctions against Plaintiff's counsel for violating court orders pursuant to Local Rule 110. (Doc. 36). "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions. *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986).

On October 14, 2026, the Court issued an order setting a hearing for Plaintiff's counsel, Larry Chae, to show cause why sanctions should not be imposed for his repeated failure to comply with court orders, and ordered Mr. Chae to appear in person on October 29, 2026. (Doc. 33). On October 26, 2026, Mr. Chae filed a responsive declaration affirming that he would attend the October 29, 2026 Order to Show Cause ("OSC") hearing and settlement conference. (Doc. 34).

On October 29, 2026, Mr. Chae failed to appear, in violation of the Court's orders. Neither Mr. Chae nor any representative from his law firm contacted the Court to explain his absence. Consequently, the Court vacated the settlement conference and directed Defendant's counsel to

submit an itemized declaration by November 3, 2026, detailing the fees and expenses incurred in appearing for the settlement conference. (Doc. 36). The Court also issued a second order to show cause regarding Mr. Chae's failure to appear at the settlement conference and continued the initial order to show cause to be heard concurrently with the second one. (*Id.*)

Defense counsel Julie Cooper submitted her expense declaration on November 3, 2026. (Doc. 38). Mr. Chae also submitted responsive declarations. (Docs. 37, 39). At Mr. Chae's request, the Court continued the hearing to November 17, 2026.

Both order to show cause hearings came on for hearing on November 17, 2026. Larry Chae appeared on behalf of Plaintiff in person, and Jacky Wang appeared on behalf of Defendant via Zoom.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide that the purpose of the rules is "to secure the just, speedy and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.,* Fed. R. Civ. P. 16(f) & 37(b). Relevant here, Rule 16(f)(1) authorizes the Court to issue "any just orders" if a party or its attorney fails to appear at a scheduling or other pretrial conference, or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A), (C). Furthermore, "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Additionally, the Local Rules of the United States District Court for the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose appropriate sanctions, up to and including dismissal of an action. *Thompson*, 782 F.2d at 831 (9th Cir. 1986); *see also Malone v.*

*U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for failure to prosecute).

Finally, California Business and Professions Code § 6068(o)(3) imposes a duty upon an attorney to report sanctions over $1,000.00 to the State Bar, and § 6086.7(a)(3) directs courts to notify the State Bar of sanctions over $1,000.00. Cal. Bus. & Prof. Code §§ 6068(o)(3), 6086.7(a)(3); *Rohn v. United States,* No. CIV. S-00-1628FCDPAN, 2002 WL 32123927, at *3 (E.D. Cal. Aug. 27, 2002).[1]

## III. DISCUSSION

After reviewing the declarations filed by counsel and hearing from Mr. Chae and defense counsel at the November 17, 2026 hearing, the Court discharges the initial October 14, 2026 order to show cause. Although Mr. Chae arranged untimely coverage for his appearance at the pre-trial settlement conference, someone from his law firm did appear untimely. Therefore, the Court finds good cause to discharge the October 14, 2026 order to show cause.

While the Court is routinely sympathetic and accommodating to the scheduling demands and workloads of counsel, it does not find good cause or substantial justification to discharge the October 29, 2026 order to show cause for Mr. Chae's failure to appear at the settlement conference. Given the procedural history of this action and Mr. Chae's prior affirmation that he would appear in person, Mr. Chae has failed to demonstrate that his unexcused non-appearance at the October 29, 2026 hearing and settlement conference was substantially justified.

Accordingly, the Court finds it appropriate to impose monetary sanctions pursuant to Federal Rule of Civil Procedure 16(f)(2) and Local Rule 110 for violating the Court's orders. The Court has reviewed the itemized declaration of defense counsel Julie Cooper and finds the some of the requested expenses reasonable and directly incurred as a result of Mr. Chae's non-appearance. The Court awards sanctions in the following amounts:

- $241.09 for rental car expenses;

---

[1] The Court does not suggest federal courts are *required* to comply with this law, however, the Court finds its direction to be reasonable to adhere to due to principles of comity and the interaction between this Court's own Local Rules and the State Bar of California and its Rules of Professional Conduct. See L.R. 180(e).

• $210.48 for hotel accommodations;

• $104.59 for rental car fuel; and

• $1,500.00 for four hours of attorney travel time between Los Angeles and Fresno at a rate of $375.00 per hour and appearance in court.

This results in a total sanction of **$2,056.16**, which Mr. Chae shall pay personally (and not pass on to his client) to the law firm of Narain Maclear LLP within thirty (30) days of the date of this Order. Defense counsel shall file a declaration confirming receipt of payment once the funds are received.

Finally, because this sanction exceeds $1,000.00, the Court reminds Mr. Chae of his independent statutory obligation to report these sanctions to the State Bar of California pursuant to California Business and Professions Code § 6068(o)(3). *See Rohn*, 2002 WL 32123927, at *3 ("Pursuant to California Business and Professions Code . . . counsel shall report these sanctions to the California State Bar Association . . . [and the] court shall report the sanctions imposed on counsel to the California State Bar Association."); *Leads Club, Inc. v. Peterson*, No. CIV. 05CV1717-J JMA, 2008 WL 186504, at *4 (S.D. Cal. Jan. 22, 2008) ("[D]isregard of court orders is wholly inappropriate and unprofessional. Such disregard implicates attorney discipline, an important state interest . . . [s]ince the State of California has an interest in maintaining the integrity of the legal profession and thus, the attorneys that it licenses, they should be aware of [Counsel's] behavior.").

The Court further orders the parties to meet and confer and contact the Courtroom Deputy within 30 days of this order to reschedule the settlement conference. The Court will consider a remote settlement conference if the parties meaningfully meet and confer.

## IV. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1. The October 14, 2026 Order to Show Cause (Doc. 33) is **DISCHARGED**.
2. Pursuant to Federal Rule of Civil Procedure 16(f) and Local Rule 110, Plaintiff's counsel, Larry Chae, is **SANCTIONED** in the amount of **$2,056.16** for failing to appear at the October 29, 2026 hearing in violation of the Court's orders.

3. Within **thirty (30) days** of the date of this Order, Mr. Chae shall pay **$2,056.16** directly to **Narain Maclear LLP**. Mr. Chae shall not pass the cost of this sanction on to his client.
4. Defense counsel shall file a declaration confirming payment within seven (7) days of receiving the funds.
5. Pursuant to California Business and Professions Code § 6068(o)(3), Mr. Chae shall report these sanctions to the State Bar of California within thirty (30) days of this Order.
6. Within thirty (30) days of the date of this Order, the parties shall meet and confer and contact the Courtroom Deputy to reschedule the settlement conference. The Court will consider conducting the rescheduled settlement conference remotely if the parties demonstrate that they have meaningfully met and conferred.

IT IS SO ORDERED.

Dated: **November 17, 2026**

Erin Sug Castillo

UNITED STATES MAGISTRATE JUDGE